Special 469



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor and Efficiency Expert
Austin, Texas

Dear Sir:

Opinion No. O-3711
Re: Status of fees collected
by Texas State Board of
Medical Examiners.

You state that the State Board of Medical Examiners collects, in addition to the Annual Registration Fees provided for by Art. 4498a, Vernon's R.C.S., the following fees:

| "Description | Amount |
|---|---|
| Examination Fee | $25.00 |
| Reciprocal Fee | $50.00 |
| Partial Examination Fee (Junior) | $15.00 |
| Partial Examination Fee (Final) | $25.00 |
| Re-examination Fee (Full or Final) | $15.00 |
| Re-examination Fee (Junior) | $7.50 |
| Matriculation Permit Fee | $5.00 |
| Endorsement Fee | $10.00 |
| Duplicate License Fee | $10.00" |

You ask the following questions:

"(1) Should the fees now being deposited to the Board's local bank account be deposited in the State Treasury?

"(2) If your answer to Question 1 is in the affirmative, could salaries and expenses not specifically or generally provided for in the current appropriation bill be paid by the Comptroller under the general authority given the Board in Section 5, Article 4498a and Article 4502?

470

"(3) If your answer to Question 1 is in the negative, would it be legal for the Board to pay an Assistant-Secretary a salary of $2,000.00 per year from these funds, if such salary were not provided for in the prevailing appropriation bill?

"(4) If your answer to Question 1 is in the negative, would the special provisions governing traveling expenses under the prevailing appropriation bill apply to the expense account of the Assistant-Secretary paid from these funds?"

The Examination Fee, the Re-examination Fee(Junior), and the Re-examination Fee (Full or Final) are authorized by Art. 4501; the Reciprocal Fee is authorized by Art. 4500; and the Partial Examination Fee (Junior) and Partial Examination Fee (Final) are authorized by Art. 4503. To these fees the provisions of Art. 4502 quoted below, apply:

"The fund realized from the aforesaid fees shall be applied first to the payment of necessary expenses of the board of examiners; any remaining funds shall be applied by the order of the board to compensating members of the board in proportion to their labors."

It is only "public monies" which are within the provisions of Const. Art. 8, Sec. 6 requiring appropriation by the Legislature as authority for their expenditure or disbursement. Likewise only "public monies" need be deposited in the State Treasury. While the authority to collect the above-mentioned fees is specifically conferred upon the Board by the Legislature, the fees are not collected for the State, but for the personal benefit of the individual members of the Board. The Board members are compensated for their services and reimbursed for their expenses by the fees which they are authorized by Art. 4502, to collect and retain. Since these fees are not collected for the State, they are not "public monies", need not be turned over to the State Treasurer and do not require a biennial appropriation as a condition precedent to their expenditure.

As to these fees, your questions are answered as follows:

1. Such fees need not be deposited in the State Treasury.

2. No answer required.

3. The Board may pay an Assistant-Secretary a salary of $2,000.00 per year from such fees, since no appropriation of the fees is necessary.

4. Traveling expense limitations under the current appropriation bill do not apply to the Board in the expenditure of these fees.

The last three fees listed must be dealt with separately in this opinion.

It is a familiar principle of law that the right of a public officer to charge a fee for his services may not rest in implication, but must be expressly conferred by law. "An officer may not claim or reach any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled." 34 Tex. Jur. 511; Binford v. Robinson, 112 Tex. 84, 244 S.W. 807; McLennan Co. v. Boggess, 104 Tex. 84, 137 S.W. 306; Wallman v. Campbell, 57 Tex. 54; State v. Moore, 57 Tex. 307, Dueloa v. Harris Co. (Civ. App.) 291 S.W. 611, affirmed 298 S.W. 417. See also Sec. 113, Public Officers, 34 T. J. p. 522.

"Statutes prescribing fees for public officers are strictly construed; and hence a right to fees may not rest in implication." 34 T. J. 508; McCall v. City of Rockdale, 112 Tex. 209, 246 S.W. 654.

"An officer is not entitled to receive, for the performance of his official duties, any compensation other than such as is provided or permitted by law." Crosby County Cattle Co. v. McDermott, (Civ. App.) 281 S.W. 293.

A public officer is not entitled to collect, for services he is authorized or required to render in his official capacity, any compensation or fee other than such as may be provided by law. If the law authorizes or requires the officer to render certain services and does not provide a fee therefor, the officer must render such services without charge.

If a public officer collects fees not authorized by law for services he is required or authorized to render in his official capacity, he must account for such fees to the sovereignty he represents; though he may be authorized by law

to retain as his compensation fees provided for by law, he cannot retain fees for official services which he is not authorized by law to charge and retain. Tarrant Co. v. Rogers, 104 Tex. 224, 135 S.W. 110; Nueces Co. v. Ann Currington, et al, (Comm. App.) not yet reported.

As to services which a public officer is neither required nor authorized by law to render in his official capacity, he stands as a private citizen, and he may contract as any private citizen, to be compensated therefor. Morris v. Kasling, 79 Tex. 147, 15 S.W. 227; Crosby County Cattle Co. v. McDermott, 361 S.W. 293; U.S. v. Mosby, 10 S. Ct. 327, 133 U.S. 273, 33 L. Ed. 625. Such compensation, of course, is collected and may be retained by the officer in his private capacity. The foregoing rule, however, is subject to the following qualification:  Though the officer be neither required nor authorized by law to render a service in his official capacity, yet if he gives a citizen to understand in any manner that he is authorized or required to render such service in his official capacity and that the law authorizes or requires him to collect a fee for such services the money thus collected from the citizen is deemed collected under color of office and the officer is required to account for it to the sovereignty he represents. Having represented to the citizen that he was entitled to render the service and demand the fee by authority of law as the agent of the sovereign, the officer is not permitted to profit by his wrongful conduct, but is estopped, as against his sovereign, to assert that he had no authority to collect the fee for the sovereign but collected it in his capacity as a private citizen. Yuma Co. v. Wisener (Ariz.) 46 P. (2) 115; 99 A. L. R. 648 and cases cited in the annotation thereto.

Article 4496 provides:

"The board may prescribe rules, regulations and by-laws, in harmony with the provisions of this title, for its own proceedings and government for the examination of applicants for the practice of medicine and obstetrics."

This rule-making power does not confer authority to charge fees not provided for by the statutes, nor does it allow the Board to enlarge its authority or jurisdiction to extend to matters over which the statutes have not vested it with jurisdiction. The power extends only to the establishment of regulations, not inconsistent with the law, but in harmony therewith,

Honorable C. H. Cavness, Page 5

for the administration of the powers and duties conferred by the law upon the Board -- the power to provide the procedural details by which the provisions of the law shall be executed. Daniel et al v. Richcreek, et al, 146 S.W. (2) 806.

The statutes governing the Board authorize the issuance of licenses for the practice of medicine. They do not provide expressly for the issuance of a duplicate license in case the original has been lost or destroyed. No fee is provided for issuance of a duplicate license. The duplicate licenses are issued and a fee collected therefor under a rule adopted by the Board.

Since the law specifically contemplates the issuance of written certificates evidencing that license to practice medicine in this State has been granted by the Board, it is our opinion that in the exercise of the rule-making power the Board is authorized to provide for the issuance of duplicate licenses to replace original certificates lost or destroyed. The statutes authorizing no fee therefor, however, the Board had no legal authority to fix and collect one by rule. Having collected such fees for services rendered in its official capacity for which the law authorizes no fee to be collected, the monies thus collected cannot be lawfully retained and expended by the Board, but should be turned over to the State Treasurer. Tarrant Co. v. Butler; Nueces County v. Currington, cited above. Since these fees have not been appropriated for expenditure by the Board, they are not available to the Board for any purpose.

The "Matriculation Permit Fees" collected by the Board are charged under the purported authority of a rule adopted by that body. The permits purport to authorize prospective medical students to take courses in medicine in medical colleges, graduate, and be admitted to examination for license by the Board. The statutes neither expressly nor by implication authorize or require the Board to regulate the admission of students to medical colleges. In issuing these permits and collecting a fee therefor, it has undertaken to do so; and in so doing it has exceeded its lawful authority. The only concern of the Board, under the law, is to determine, when an applicant for license presents himself for examination, whether he is a graduate of a "reputable medical school" as defined by the statute. The fee for determining this fact is embraced within the $25.00 examination fee provided by law. The Board lacks the power to enlarge its jurisdiction and increase its fees by licensing students to matriculate in medical colleges.

474

It seems clear that the Board, in providing for and issuing matriculation permits and charging a fee therefor, represented to the applicants for such permits that the Board was by law authorized to regulate the admission of students to medical colleges and to charge the fees prescribed by its rule for the issuance of permits for that purpose. The fees thus collected were collected under color of office, and cannot be retained by the Board. They should be turned over to the State Treasurer.

The "Endorsement Fee" is collected under rule of the Board. The fee is for endorsing or recommending the physicians licensed by the Board in this State for licensing in another State without examination. The Board is neither authorized nor required by statute to furnish such endorsements. Sufficient facts are not given us to enable us to determine whether these fees were collected by the Board members as private citizens or under color of office. If the Board in collecting such fees did not give the citizens for whom the services were rendered to understand in any manner that the law authorized or required the Board in its official capacity to render such services and to charge a fee therefor, the fees were collected in their private capacities and may be retained; if the contrary be true, the fees were collected under color of office and should be turned over to the State Treasurer. The mere facts that the Board members were asked to furnish such endorsements because of their official positions, that they signed the endorsements officially, or that they established by rule or order a fee for such service, does not establish that they represented to the citizens in any manner that the law authorized them to render such services officially and to collect a fee therefor. Mosby v. U.S., cited above.

We trust that the foregoing constitutes a sufficient answer to your questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. W. Fairchild
Assistant

RWF:nw

APPROVED
OPINION COMMITTEE
BY
CHAIRMAN